FILED
HARRISBURG, PA

UNITED STATES DISTRICT COURT
DISTRICT OF <u>Middle</u> Pennsylvania

DEC 1 4 2007

MARY E. D'ANDREA, CLERK
Per _____ /Deputy Clerk

<u>Bradley Lanord Lott</u>,        )
                        Petitioner  )
                                )
                  -v-             )   Case No. <u>1:01-cr-00352-SHR-2</u>
                                )
UNITED STATES OF AMERICA,  )
                        Respondent )

MOTION TO REDUCE SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2)

    WHEREFORE NOW COMES, <u>Bradley L. Lott</u>, Pro-Se Petitioner in pursuant to respectfully move this Honorable Court to <u>GRANT</u> Petitioner a "2 level reduction" from his current offense level in accordance with Amendment 9 which was passed on November 1, 2007, and made retroactive on <u>11th of Dec</u>, <u>2007</u> for offenses involving U.S.S.G. § 2D1.1 "Unlawful Manufacturing, Importing, Exporting, Trafficking, Possession with Intent to Commit said offenses, and or Conspiracy," of crack cocaine.

FACTS

    Petitioner was convicted and sentenced in <u>2001</u> for Conspiracy Possess with Intent to Deliver Unspecified amount of Crack Cocaine and <u>N/A</u> in violation of 21 U.S.C. § <u>846</u> and <u>N/A</u>. The Presentence Report ("PSR") calculated a base offense level of <u>34</u>, with Petitioner's Category <u>0</u> criminal history score yielded a Guideline Range of <u>151</u> to <u>188</u> months. After the District Court considered [t]he factors in the PSR's recommendation and objections thereto, Petitioner was sentenced to <u>151</u> months in prison.

    Effective November 1, 2007, the Sentencing Commission adopted Amendment 9, an amendment that modified the Guidelines applicable to U.S.S.G. § 2D1.1 offenses. U.S. Sentencing Guidelines Manual § 2D1.1; U.S.S.G. § 1B1.10. The amended application notes states:

        "Amendment 9 adjusts downward by two levels the base

-1-

offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in § 2D1.1 (Unlawful Manufacturing, Importing, Exporting, Trafficking, Possession with Intent to Commit said offenses, and Conspiracy of crack cocaine). The amendment assigns, for crack cocaine offenses, base offense levels corresponding to guideline ranges that include mandatory minimum penalties for cocaine base.

Amendment 9 constitutes a two-level reduction in a assigned offense level for crack cocaine if the Petitioner met the following criteria:

(A)  crack cocaine was involved in the offense;

(B)  the base offense level was greater than 12;

(C)  the base offense level was not level 43;

(D)  the quantity of crack cocaine involved in the offense was less than 4,500 grams;

(E)  the offender's final offense level was not derived from career offender or armed career offender guideline;

(F)  the offender's original sentence was greater than any applicable statutory mandatory minimum punishment, unless the offender received from the mandatory minimum punishment pursuant to the statutory safety valve of 18 U.S.C. § 3553(f) (incorporated into the guidelines at § 5C1.2), or the offender received a departure under § 5K1.1 for substantial assistance when originally sentenced.

## APPLICABILITY OF 18 U.S.C. § 3582(c)(2)

As a genral matter, Courts may not alter a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c)(2); <u>United States v. Hovsepian</u>, 307 F.3d 922 (9th Cir. 2002)("District Courts do not have inherent authority to resentence defendants at any time.")(quoting <u>United States v. Stump</u>, 914 F.2d 170 (1990). However, § 3582(c)(2) creates an exception:

"in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in

-2-

> 3553(a) to the extent that they are applicable, if such
> a reduction is consistent with applicable policy statements
> issued by the Sentencing Commission."

Petitioner submits that, 18 U.S.C. § 3582(c)(2) allows the Court to re-sentence a defendant/Petitioner whose sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). This allows the District Court to recalculate the defendant's sentencing range using the newly reduced Guideline, and then determine an appropriate sentence in accordance with the § 3553(a) factors. See id. Furthermore, in determining the recalculated [n]ew offense level, the District Court referes to Section 1B1.10(b) of the Guidelines which states:

> "Indetermining whether, and to what extent, a reduction
> in the term of imprisonment is warranted for defendant to
> be eligible for consideration under 18 U.S.C. § 3582(c)(2),
> the Court should consider the term of imprisonment that it
> would have imposed had the amendment(s) to the guidelines listed
> been in effect at the time the defendant was sentenced..."

Petitioner concedes that, U.S.S.G. § 1B1.10 app. n.2. "Background" portion of § 1B1.10 states in part;

> "The authorization of such a discretionary reduction does
> not otherwise affect the lawfulness of a previously imposed
> sentence, does not authorize a reduction in any other component
> of the sentence, and does not entitle a defendant to a reduced
> term of imprisonment as a matter of right."

U.S.S.G. § 1B1.10(b) states only that the Court "should consider the term of imprisonment that it would have imposed had the amendment been in effect at the time Petitioner was sentenced and not that it may only impose that sentence departing from the previously imposed sentence as long as such sentence would not conflict with the language of the policy statement. Similarly, just because Petitioner is not entitled to a sentence reduction as a matter of right does not mean that he may not be entitled to one as a matter of discretion."

### RELIEF REQUESTED

Petitioner respectfully submits that his current imposed sentence of __151__

months is ripe for reconsideration pursuant to Amendment 9 not only because Amendment 9 has been made retroactive, but because he succeeds in the satisfying of one or more of the following: (1) that sentence was imposed pursuant to U.S.S.G. § 5C1.2 Safety Valve; (2) that sentence was imposed pursuant to U.S.S.G. § 5K1.1 Substantial Assistance; (3) that sentence was imposed pursuant to Rule 35(b); or (4) that sentence imposed exceeded the mandatory minimum authorized by Amendment 9 § 2D1.1 for offenses involving crack cocaine.

In the case at bar, Petitioner' sentence of __151__ months is consistent with recalculation in light of the demonstrated above provisions. Petitioner moves that his current offense level of __34__ be reduced by two-levels pursuant to the amended Guideline Range of offenses involving crack cocaine U.S.S.G. § 2D1.1 for a newly adjusted offense level of __32__, Criminal history category of __0__ bearing a sentence not to exceed __121__ months of imprisonment.

Petitioner respectfully moves this Honorable Court to GRANT this herein 18 U.S.C. § 3582(c)(2) petition and ORDER that Petitioner be resentenced to a term of imprisonment that is consistent with the elements of Amendment 9 of November 1, 2007.

Date: December 11th, 2007

Respectfully Submitted

*Bradley J. Latt, Sr.*

Pro-Se Petitioner
Federal Corr. Institute-Camp
P.O. Box 52020
Bennettsville, SC 29512

**ORIGINAL**

## CERTIFICATE OF SERVICE

I, __Bradley Lott__ declare under the penalty of perjury that I have mailed a copy of the attached 18 U.S.C. § 3582(c)(2) petition to the listed below parties on this __11__ day of __Dec_____, 2007 via United States Postal Service (Inmate Mailing System).

Date: December 11    , 2007

Respectfully Submitted

*Bradley L. Lott, Sr.*
Pro-Se Petitioner
Federal Corr. Institute-Camp
P.O. Box 52020
Bennettsville, SC 29512

Office of U.S. Attorney
2nd Floor, Federal Building
228 Walnut Street
Harrisburg, PA 17108

Office of Clerk of Court
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

**ORIGINAL**



Bradley Lanard Lott, Sr
Registeration No. #11288-067
Federal Correctional Institution
Federal Prison Camp-Bennettsville
P.O. Box 52010
Bennettsville, S.C. 29512

Office of the Clerk
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
U.S. COURTHOUSE
228 Walnut Street
P.O. BOX 983
HARRISBURG, PA 17108

LEGAL MAIL